**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-4625**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BERNABE MARCELLO BANOS, a/k/a Guillermo
Alberto Hernandez,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  James A. Beaty, Jr., Chief
District Judge.  (1:05-cr-00374-JAB)

_____

Submitted: June 15, 2007            Decided: June 19, 2007

_____

Before WIDENER, MICHAEL, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Ames C. Chamberlin, LAW OFFICES OF AMES C. CHAMBERLIN, Greensboro,
North Carolina, for Appellant.  Michael Francis Joseph, Assistant
United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bernabe Marcello Banos pled guilty to conspiracy to possess with intent to distribute methamphetamine, possession with intent to distribute methamphetamine, and reentry of a deported felon. The district court sentenced him to concurrent terms of 120 months' imprisonment, the statutory mandatory minimum for the drug offenses. See 21 U.S.C. § 841(b)(1)(B) (2000). On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending that no meritorious issues exist for appeal but suggesting that the district court imposed an unreasonable sentence under United States v. Booker, 543 U.S. 220 (2005). Although informed of his right to file a pro se supplemental brief, Banos has not done so.

Banos was sentenced at the bottom of his advisory guideline range and at the statutory mandatory minimum sentence of ten years on the drug charges. Banos made no showing either at sentencing or on appeal to overcome the presumption that a sentence within the guideline range was reasonable for his reentry conviction. See United States v. Green, 436 F.3d 449, 456-57 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). As for the methamphetamine convictions, the district court possessed no discretion to sentence below the statutory mandatory minimum sentence, because "Booker did nothing to alter the rule that judges cannot depart below a statutorily provided minimum sentence."

United States v. Robinson, 404 F.3d 850, 862 (4th Cir.), cert. denied, 126 S. Ct. 288 (2005).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Banos' convictions and sentence. This court requires that counsel inform Banos, in writing, of the right to petition the Supreme Court of the United States for further review. If Banos requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Banos.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED